**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JAN 15 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KIMBERLY J. BUCHANAN, | No. 13-35783 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-00149-CSO |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Carolyn S. Ostby, Magistrate Judge, Presiding

Submitted October 13, 2015**
Seattle, Washington

Before: W. FLETCHER and FISHER, Circuit Judges and WILKEN, Senior
District Judge.***

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Claudia Wilken, Senior District Judge for the U.S.
District Court for the Northern District of California, sitting by designation.

Kimberly Buchanan appeals from the Commissioner's denial of her application for benefits under Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291 and we affirm in part, reverse in part and remand.

1. The Administrative Law Judge (ALJ) did not err in finding Buchanan's testimony not credible. He gave specific, clear and convincing reasons for his conclusion by identifying specific portions of the record, including Buchanan's ability to engage in the activities of daily life and Dr. Hurd's observations regarding her use of her upper extremities, and explaining how they undermined her testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014).

2. We reverse and remand, however, because the ALJ did not provide specific and legitimate reasons for rejecting the medical opinions of Dr. Settergren, Dr. Quenemoen and Dr. Costanzo. An ALJ need not discuss all evidence presented, but errs when he fails to provide specific, legitimate reasons for rejecting controverted medical opinions. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Whether the ALJ's failure to do so here was harmless turns on how the reports might have influenced the weight the ALJ assigned to Dr. Guerin's assessment of Buchanan's residual functional capacity.

The summary nature of the ALJ's reasons for rejecting Dr. Guerin's opinions compounds the problem in applying harmless error analysis. The ALJ's finding that a treating or examining source opinion is not well-supported "means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected." *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (quoting S.S.R. 96-2p at 4 (Cum. Ed. 1996), *available at* 61 Fed. Reg. 34, 490, 34, 491 (July 2, 1996)). In rejecting the opinion of a treating source, "[t]he ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). Although we could conclude an error is harmless if the agency's path may be reasonably discerned, we may not affirm on a ground not relied on by the agency. *See Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012).

The ALJ's opinion is completely silent about Doctors Settergren, Quenemoen and Costanzo's reports, so we cannot tell whether the ALJ considered them or how they factored into his discrediting of Dr. Guerin's opinions as inconsistent with the evidence and unsupported by specific medical findings. It may be that the findings in the three reports are mixed, or do not support Dr. Guerin's evaluations, but "we cannot substitute our conclusions for the ALJ's, or

3

speculate as to the grounds for the ALJ's conclusions." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014). An ALJ's "silent disregard" of relevant evidence "thus leaves us . . . with nothing to review to determine whether the error materially impacted the ALJ's ultimate decision." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). We are accordingly unable to determine whether any error here was harmless.

3. Where there are conflicting evidence and unresolved factual issues, we remand for further proceedings rather than for an award of benefits. *See Treichler*, 775 F.3d at 1101. Accordingly, we remand so the ALJ can state on the record how he weighs the findings in Doctors Settergren, Quenemoen and Costanzo's records, reweigh the evidence in the record, make clear his reasons for discrediting Dr. Guerin's opinions should he continue to do so, and engage in any further proceedings he deems appropriate.

**AFFIRMED IN PART, REVERSED IN PART** and **REMANDED.**

The parties shall bear their own costs on appeal.